IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS RUBEN ELLINGTON,   )<br>                                                    )<br>          Plaintiff,                          )<br>                                                    )<br>   vs.                                          )<br>                                                    )<br>                                                    )<br>FOX, et al.,                                 )<br>                                                    )<br>          Defendants.                    )<br>                                                    )<br>_____) | No. C 11-00287 EJD (PR)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Plaintiff, a California inmate at the Salinas Valley State Prison in Soledad, filed a pro se civil rights complaint under 42 U.S.C. § 1983, challenging the conditions of his confinement. The Court granted Defendants' motion to revoke Plaintiff's in forma pauperis ("IFP") status, and dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(g).  (See Docket No. 61.)

On March 5, 2012, Plaintiff filed a "Late (Objection) to the revokation [sic] of In forma Pauperis Status"  (Docket No. 63.)  The Court construes this motion as a motion for reconsideration.

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338,

Order Denying Motion for Reconsideration
00287Ellington_recon.wpd

1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).

Plaintiff asserts that the Court was wrong to consider Defendants' "late" motion to revoke his IFP status, and that the Court incorrectly found that he was not in imminent danger at the time the complaint was filed.  First of all, Defendants' motion was timely filed within the deadlines set forth by the Court's Order of Service, (Docket No. 6.)  Furthermore, in attacking the Court's finding, Plaintiff fails to allege new evidence that could not have been discovered with due diligence, mistake, inadvertence, surprise or excusable neglect, fraud by the adverse party, or voiding of the judgment.  Plaintiff presents no reason justifying relief.  Accordingly, the motion for reconsideration is DENIED.

DATED: 5/8/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARCUS R. ELLINGTON,

        Plaintiff,

  v.

FOX, et al.,

        Defendants.

Case Number: CV11-00287 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/8/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marcus R. Ellington E-44837
CSP-Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: 5/8/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk